RECEIVED
JUN 2 2 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 11-268 |
| -vs- | JUDGE DRELL |
| JAMES LAMAR KELLY | MAGISTRATE JUDGE KIRK |

## JUDGMENT

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 46) on a Motion to Suppress (Doc. 20) filed by the Defendant. The Motion to Suppress requested mail matter and the Defendant's subsequent inculpatory statement be suppressed. For the reasons contained in the Report and Recommendation, and after independent (de novo) review of the record including the objections filed herein and the evidence presented at an evidentiary hearing on March 8, 2012, and concurring with the Magistrate Judge's findings under the applicable law;

IT IS ORDERED that Defendant's Motion to Suppress (Doc. 20) is **DENIED** and the Report and Recommendation (Doc. 46) is **ADOPTED**.

In so ruling we note Trooper Turnage's request for consent to search Mr. Kelly's property was preceded by an explanation of the purpose for the search and the reason for the officers' presence on the property. The testimony from the March 8, 2012 hearing indicates Trooper Turnage asked for Mr. Kelly's permission to "look around" the property for drugs (the purpose of the helicopter surveillance), the gun

Mr. Kelly shot toward the helicopter, and the shell casings that fell from that gun. Deputy Sheriff Green confirmed that Trooper Turnage explained the specific objects of the officers' search before requesting permission to search both the house and the surrounding property. Specifically, Trooper Turnage indicated: the search of the house was to locate the gun and perform a protective sweep; and the search of the surrounding property was to locate the shell casings and look for drugs. We find the articulation of the goals of the search to fit within the jurisprudential rule that the "scope of a search is generally defined by its expressed object." Florida v. Jimeno, 500 U.S. 248, 251 (1991)(citing United States v. Ross, 456 U.S. 798 (1982)).

We further distinguish the facts before us from those found in United States v. McSween, 53 F. 3d 684 (5th Cir. 1995) which the Government relies on for the proposition that "a failure to object to the breadth of the search is properly considered 'an indication that the search was within the initial consent.'" McSween, 53 F.3d at 688 (quoting United States v. Cannon, 29 F.3d 472, 477 (9th Cir. 1994)). In McSween, the officer requesting permission to search did not express the object of the search and asked for general consent to search (which the McSween defendant provided). McSween, 53 F.3d at 687–88. In comparison, Mr. Kelly consented to the phases of Trooper Turnage's search based on the trooper's clearly articulated objects of the search, i.e., drugs, shell casings, and the gun. Had the consents been given on more general bases, the result might be different.

Yet, as described above, we agree with the Magistrate Judge's finding that the mail matter is admissible under the plain view doctrine. Further, Mr. Kelly's

subsequent inculpatory statement regarding the mail matter was voluntary and is not fruit of an illegal search or seizure. Accordingly, Defendant's Motion to Suppress (Doc. 20) is **DENIED** in all aspects.

SIGNED on this 22nd day of June, 2012 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE